**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
MICHAEL F. DEAN,              :
                              :   CIVIL ACTION NO. 09-3095 (MLC)
      Plaintiff,              :
                              :   MEMORANDUM OPINION
      v.                      :
                              :
UNITED STATES OF AMERICA,     :
                              :
      Defendant.              :
                              :
```

**COOPER, District Judge**

The plaintiff, Michael Dean ("Dean"), brings this action against the defendant, the United States of America ("United States"), pursuant to 26 U.S.C. § ("Section") 7431. (Dkt. entry no. 1, Compl. at 1.) The United States now moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). (Dkt. entry no. 5, Mot. to Dismiss.) Dean opposes the motion. (Dkt. entry no. 6, Pl. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the motion.

BACKGROUND

Dean commenced this action pursuant to Section 7431 alleging that a former employee of the Internal Revenue Service ("IRS") inspected and/or disclosed his tax return information without his authorization. (Dkt. entry no. 5, Def. Br. at 1.) Special Agent Mark Scrivanich ("Scrivanich") of the Department of the Treasury

commenced an investigation in 2007 into allegations regarding a former IRS employee Diane Snyderman ("Snyderman").  (Id. at 2.) It was alleged that Snyderman made unauthorized inspections of taxpayers' return information, including that of the plaintiff. (Id. at 2.)  As part of the investigation, Scrivanich interviewed Snyderman about her inspections of the plaintiff's return information and ran an audit report of the plaintiff's tax account.  (Id.)  Based on this audit, Scrivanich was aware of each instance in which Snyderman inspected Dean's return information.  (Id.)  Scrivanich interviewed Dean on February 12, 2007, and informed him of each of these instances.  (Id. at 2-3.)

Dean received a letter in September 2007 from Barbara Symonds, the Director of Privacy and Information Protection of the Department of the Treasury.  (Pl. Br. at 2.)  This letter stated that Snyderman was criminally charged with unauthorized inspection or disclosure of Dean's tax return or return information.  (Dkt. entry no. 6, Ex. A, 9-13-07 Letter.)  Dean commenced this action on June 25, 2009.  (Pl. Br. at 3.)

## DISCUSSION

**I.   Motion to Dismiss Standard**

   **A.   12(b)(1) Standard**

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1).  Fed.R.Civ.P. 12(b)(1). Such motion may be made at any time.  Iwanowa v. Ford Motor Co.,

67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  Id. at 438.  Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint.  Iwanowa, 67 F.Supp.2d at 438.  Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdiction claims."  Pashun v. Modero, No. 92-3620, 1993 U.S. Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993).  The Court may consider affidavits, depositions, and testimony to resolve factual issues and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Iwanowa, 67 F.Supp.2d at 438.  The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed.  Berardi v. Swanson

3

Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198,
200 (3d Cir. 1990) (explaining that a defendant may factually
attack subject matter jurisdiction before filing an answer); see
Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.

**B.   12 (b)(6) Standard**

In addressing a motion to dismiss a complaint under Rule
12(b)(6), the court must "accept all factual allegations as true,
construe the complaint in the light most favorable to the
plaintiff, and determine, whether under any reasonable reading of
the complaint, the plaintiff may be entitled to relief."
Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.
2008).  At this stage, a "complaint must contain sufficient
factual matter, accepted as true to 'state a claim to relief that
is plausible on its face.'  A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556
(2007)).  "[W]here the well-pleaded facts do not permit the court
to infer more than the mere possibility of misconduct, the
complaint has alleged-but it has not 'show[n]'- that the 'pleader
is entitled to relief.'"  Iqbal, 129 S.Ct. at 1950 (quoting Rule
8(a)(2)).

## II.  Section 7431

Section 7431 provides a civil remedy for violations of Section 6103.  26 U.S.C. § 7431.  It "allows a taxpayer to bring a civil action against the government when an officer or employee of the government 'knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer' in violation of [S]ection 6103."  Aloe Vera of Am. v. United States, 580 F.3d 867, 870 (9th Cir. 2009). Section 7431(d) provides that any claim brought under this Section must be commenced within "[two] years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure."  26 U.S.C. § 7431(d).  Courts have held that this period of limitations is jurisdictional and not subject to waiver or equitable tolling.  See e.g., Aloe Vera, 580 F.3d at 872; Gandy v. United States, 234 F.3d 281, 283 (5th Cir. 2000).

### A.  Unauthorized Inspection Claim

The United States argues that the Court should dismiss Dean's unauthorized inspection claim pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction.  (Def. Br. at 4.)  It argues that Dean's failure to comply with Section 7431's statute of limitations deprives this Court of subject matter jurisdiction.  (Id.)  It argues that the statute began to run on the date that Dean discovered the unauthorized inspections, i.e., during the February 2007 interview.  (Id. at

5

5.)  Dean contends that the statute of limitations did not begin to run in February 2007, but rather in September 2007.  (Pl. Br. at 5.)  Dean asserts that the cause of action did not arise until he received formal notification of Snyderman's inspections of his tax return.  (Id.)  He states that this formal notification was the date at which he could obtain a legal remedy as he could not bring an action until it was determined that Snyderman had violated Section 6103.  (Id.)  Dean asserts that while he was informed of Snyderman's unlawful inspections during his February 2007 interview, it was not established that she had, in fact, violated Section 6103 until September 2007.  (Id. at 6.)

The statute of limitations for Section 7431 "begins to run on the date on which a plaintiff discovers that the allegedly unauthorized inspection or disclosure has taken place, regardless of whether the plaintiff believed at that time that the inspection or disclosure was authorized."  Aloe Vera, 580 F.3d at 872 (emphasis added).  "An action pursuant to Section 7431(d) must be filed within two years of the date of discovery of the supposedly improper disclosure, not the date when the plaintiff realizes that a disclosure was unauthorized."  Id.; see also Chisum v. United States, No. 90-0549, 1991 WL 322976, at *2 (D. Ariz. Dec. 10, 1991) (holding that statute of limitations barred plaintiff's claim when filed more than two years after plaintiff received notice of alleged unauthorized disclosures).

6

Dean was aware of the alleged unauthorized inspections of his return information in February 2007.  (Pl. Br. at 6.)  As such, the statute of limitations began to run on that date.  Dean commenced the current action in June 2009, more than two years after he became aware of the unauthorized inspections.  As such, the claim for unauthorized inspection of return information is time-barred.

### B.   Unauthorized Disclosure Claim

The United States next asserts that any claim for unauthorized disclosure of tax return information should be dismissed for failure to state a claim under Rule 12(b)(6). (Def. Br. at 6.)  The United States contends that Dean fails to allege what return information might have been disclosed, to whom it was disclosed, or when it was disclosed.  (Id.)  The Complaint does incorporate some documents by reference, but the United States urges that these documents only indicate that Snyderman inspected Dean's return information without authorization, not that she disclosed it.  (Id. at 8.)  As such, the United States contends that any claim of unauthorized disclosure contains insufficient facts to state a claim upon which relief can be granted.  (Id.)  Dean asserts that the Court should consider the attached criminal complaint against Snyderman when reviewing for dismissal.  (Pl. Br. at 8.)  The criminal complaint charged Snyderman with unlawfully inspecting Dean's tax return at the

7

request of a specific individual.  (Id. at 9.)  Dean states that
it can be presumed Snyderman disclosed Dean's tax information to
the individual who requested the inspection.  (Id.)

    Dean asks, in the alternative, that he be permitted to amend
the Complaint in regards to the disclosure claim.  (Id.)  The
United States contends that such amendment would be futile as an
amended complaint would only contain allegations that Snyderman
may have disclosed the return information to an individual who
requested its inspection.  (Dkt. entry no. 7, Def. Reply Br. at
8.)  The United States asserts that an amended complaint would
still far short of the particularity required to state a claim
under Section 7431.  (Id.)

    "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a
District Court must permit curative amendment, unless an
amendment would be inequitable or futile."  Alston v. Parker, 363
F.3d 229, 235 (3d Cir. 2004).  The Complaint in its current state
does not properly allege a claim of unauthorized disclosure.
Further, at this juncture, the Court cannot determine with
certainty that amendment of the Complaint would be futile.  As
such, the Court will grant the motion to dismiss, but also grant
leave to amend the Complaint to allege a disclosure claim.

## CONCLUSION

    The Court, for the reasons stated supra, will grant the
motion to dismiss, but grant leave to the plaintiff to amend the

Complaint to properly allege unauthorized disclosure.  The Court

will issue an appropriate order and judgment.


                                        s/Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

Dated:    December 11, 2009