**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| MICHAEL F. DEAN, | : |
| Plaintiff, | : CIVIL ACTION NO. 09-3095 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : |
| Defendant. | : |

**COOPER, District Judge**

The plaintiff, Michael F. Dean ("Dean"), originally brought this action on June 25, 2009 against the defendant, the United States of America ("United States"), pursuant to 26 U.S.C. § ("Section") 7431. (Dkt. entry no. 1, Compl. at 1.) The United States moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) on November 5, 2009. (Dkt. entry no. 5, Mot. to Dismiss.) The Court granted the motion to dismiss but granted the plaintiff leave to move to reopen the action and file an Amended Complaint properly alleging an unauthorized disclosure claim under Section 7431. (Dkt. entry no. 9, 12-11-09 Order.) The plaintiff now moves for leave to reopen the action and for leave to file an Amended Complaint. (Dkt. entry no. 10, Mot. to Reopen.) The United States does not oppose the Plaintiff's motion for leave to file an Amended Complaint. (Dkt. entry no. 12, Second Def. Br. at 1.) The United States does, however, seek to preclude Dean from including

unknown claims of unauthorized disclosures in the Amended Complaint.  (Id. at 2.)  The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will grant the motion.

## BACKGROUND

Dean commenced this action pursuant to Section 7431 alleging that a former employee of the Internal Revenue Service ("IRS") inspected and/or disclosed his tax return information without his authorization.  (Dkt. entry no. 5, First Def. Br. at 1.)  Special Agent Mark Scrivanich of the Department of the Treasury commenced an investigation in 2007 into allegations regarding a former IRS employee Diane Snyderman ("Snyderman").  (Id. at 2.)  Dean was thereafter informed that Snyderman had inspected his tax returns without authorization.  (Id. at 2-3.)  Dean's claims regarding this unauthorized inspection were dismissed as time-barred by the Court.  (Dkt. entry no. 8, 12-11-09 Op.)

Dean's proposed Amended Complaint alleges that Snyderman also disclosed his tax return information without authorization. (Dkt. entry no. 11, Pl. Br., Ex. A., Proposed Am. Compl.)  He asserts that Snyderman disclosed his tax return information to Norman Rubenstein ("Rubenstein") on April 3, 2000.  (Pl. Br. at 1; Proposed Am. Compl. at 3.)  Snyderman admitted to this unauthorized disclosure.  (Pl. Br. at 2.)  Dean also states in the proposed Amended Complaint that "[a]t the present time [he]

is aware of at least one unauthorized disclosure made by Diane Snyderman," and demands damages for every act of unlawful disclosure.  (Proposed Am. Compl. at 5, 6.)

## DISCUSSION

### I.   Motion for Leave to Amend the Pleadings Standard

Leave to amend the pleadings under Rule 15(a) is generally given freely.  Foman v. Davis, 371 U.S. 178, 192 (1962).  The Court may deny a motion to amend, however, on grounds such as undue delay, bad faith, dilatory motives, futility, repeated failure to cure deficiencies by previously allowed amendments, or prejudice to the opposing party by allowing the amendment. Hill v. Scranton, 411 F.3d 118, 134 (3d Cir. 2005); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004.)  Absent such circumstances, a motion for leave to amend a pleading should be granted.  Long, 393 F.3d at 400.

The standard for determining whether an amendment would be futile requires that the Court consider whether the Complaint, as amended would fail to state a claim upon which relief could be granted.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997.)  The Court is to apply the same standard of legal sufficiency as it applies under Rule 12(b)(6). The Court must generally accept as true all factual allegations in the Complaint, and must draw all reasonable inferences in favor of the plaintiff.  Cal. Pub. Employees' Ret. Sys. v. Chubb

3

Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

**II.  Current Motion**

Dean, in alleging his Section 7431 claim, must provide the United States with fair notice of the allegations made.  Kenny v. United States, No. 08-3921, 2009 WL 276511, at *8 (D.N.J. Feb. 5, 2009) (dismissing Section 7431 claim for failure to contain sufficient factual allegations of the claim).  When making a wrongful disclosure claim pursuant to Section 7431, the "plaintiff must specifically allege who made the alleged disclosures, to whom they were made, the nature of the disclosures, the circumstances surrounding them and the dates on which they were made." May v. United States, No. 91-650, 1992

U.S. Dist. LEXIS 16055, at *5 (W.D. Mo. Apr. 17, 1992).  "A complaint under [Section] 7431 needs to allege such matters as the circumstances surrounding the disclosures . . . and other items sufficient to alert the [d]efendant as to the information alleged to have been disclosed." Id. at 7.  Dean has satisfied these pleading requirements with respect to Snyderman's unauthorized disclosure to Rubenstein.  (Proposed Am. Compl. at 4.)  The Court thus grants Dean's motion for leave to reopen the action and file an Amended Complaint.

The United States does not oppose Dean's motion but asserts that the portion of Dean's proposed Amended Complaint that refers to unknown potential claims should be excluded as futile.  (Second Def. Br. at 2.)  Because the Court is granting Dean's motion for leave to file an Amended Complaint, if the United States objects to any portion of the Amended Complaint, it may move before the Magistrate Judge either for a more definite statement pursuant to Rule 12(e), or to strike that portion pursuant to Rule 12(f).

## CONCLUSION

The Court, for the reasons stated supra, will grant the motion for leave to reopen the action and for leave to file an Amended Complaint.

                                           s/Mary L. Cooper  
                                           **MARY L. COOPER**  
                                           United States District Judge

Dated:    January 27th, 2010