**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL F. DEAN, | : | |
| | : | CIVIL ACTION NO. 09-3095 (MLC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COOPER, District Judge**

The plaintiff, Michael F. Dean ("plaintiff"), brought this
action against the defendant, the United States of America
("defendant"), pursuant to 26 U.S.C. § ("Section") 7431.  (Dkt.
entry no. 1, Compl. at 1.)  The defendant moved to dismiss the
Complaint pursuant to Federal Rules of Civil Procedure ("Rules")
12(b)(1) and 12(b)(6) on November 5, 2009.  (Dkt. entry no. 5,
Mot. to Dismiss.)  The Court granted the motion to dismiss, but
granted the plaintiff leave to move to reopen the action and file
an Amended Complaint properly alleging an unauthorized disclosure
claim under Section 7431.  (Dkt. entry no. 9, 12-11-09 Order.)
The plaintiff moved for leave to reopen the action and for leave
to file an Amended Complaint on January 7, 2010.  (Dkt. entry no.
10, Mot. to Reopen.)  The Court granted the motion on January 27,
2010.  (Dkt. entry no. 15, 1-27-10 Order.)  The plaintiff filed
its Amended Complaint on February 1, 2010.  (Dkt. entry no. 17,
Am. Compl.)  The Amended Complaint states, in part, that "[a]t

the present time, the plaintiff is aware of at least one unauthorized disclosure," and seeks damages for each unlawful disclosure.  (Id. at 5-6.)  The defendant now moves under Rules 12(b)(6), 12(f), and 12(e) to dismiss the claim for unspecified disclosures, to strike the paragraph that alleges unspecified disclosures, or for a more definite statement describing the alleged unspecified disclosures.  (Dkt. entry no. 18, Second Mot. to Dismiss.)  The Court determines the motion on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

The plaintiff commenced this action pursuant to Section 7431 alleging that a former employee of the Internal Revenue Service ("IRS") inspected and/or disclosed his tax return information without his authorization.  (Dkt. entry no. 5, First Def. Br. at 1.)  Special Agent Mark Scrivanich ("Scrivanich") of the Department of the Treasury commenced an investigation in 2007 into allegations regarding a former IRS employee Diane Snyderman ("Snyderman").  (Id. at 2.)  The plaintiff was thereafter informed that Snyderman had inspected his tax returns without authorization.  (Id. at 2-3.)  The Court dismissed the plaintiff's claims regarding this unauthorized inspection as time-barred.  (Dkt. entry no. 8, 12-11-09 Op.)

2

The Amended Complaint alleges that Snyderman disclosed his tax return information without authorization.  (Am. Compl. at 3.) He asserts that Snyderman disclosed his tax return information to Norman Rubenstein ("Rubenstein") on April 3, 2000. (Id.)  He also states in the Amended Complaint that "[a]t the present time [he] is aware of at least one unauthorized disclosure made by Diane Snyderman," and demands damages for every act of unlawful disclosure.  (Id. at 5-6.)

## DISCUSSION

## I.   12 (b)(6) Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "[W]here the well-pleaded facts do not permit the court

3

to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" <u>Iqbal</u>, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

## II.  12(e) Standard

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).  A plaintiff is required to "provide the opponent with fair notice of a claim and the grounds on which that claim is based." <u>Kanter v. Barella</u>, 489 F.3d 170, 175 (3d Cir. 2007).  "[M]otions for more definite statement[s] are generally disfavored, and should be granted only if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading." <u>Ctr. Pointe Sleep Assocs., LLC v. Panian</u>, No. 08-1168, 2009 WL 789979, at *1 (W.D. Pa. Mar. 18, 2009) (citation omitted).  "When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot be expected to frame a proper, fact specific . . . defense; [t]he Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying

4

a plaintiff's claim for relief." <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 301 (3d Cir. 2006).

## III. 12(f) Standard

Rule 12(f) provides that a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The standard for striking a complaint or a portion of it is strict, and only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." <u>Steak Umm Co., LLC, v. Steak 'Em Up, Inc.</u>, No. 09-2857, 2009 WL 3540786, at *2 (E.D. Pa. Oct. 29, 2009) (citation omitted). "To prevail . . . the moving party must show that the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or that the allegations confuse the issues." <u>Id.</u> (citation omitted). "[A] motion to strike is not a proper way to dismiss part of a complaint for legal insufficiency." <u>Boyko v. Am. Int'l Group, Inc.</u>, No. 08-2214, 2009 WL 5194431, at *2 (D.N.J. Dec. 23, 2009).

## IV. Section 7431

Section 7431 provides a civil remedy for violations of Section 6103. 26 U.S.C. § 7431. It "allows a taxpayer to bring a civil action against the government when an officer or employee of the government 'knowingly, or by reason of negligence, inspects or discloses any return or return information with

respect to a taxpayer' in violation of [S]ection 6103." <u>Aloe</u>
<u>Vera of Am. v. United States</u>, 580 F.3d 867, 870 (9th Cir. 2009).
Section 7431(d) provides that any claim brought under this
Section must be commenced within "[two] years after the date of
discovery by the plaintiff of the unauthorized inspection or
disclosure." 26 U.S.C. § 7431(d).

**V.   Current Motion**

The defendant originally argued that the Court should
dismiss the Amended Complaint for improper service. (Def. Br. at
2.) The defendant, however, withdrew this argument in its reply
brief. (Dkt. entry no. 20, Reply Br. at 1.) The defendant now
argues that the Court should dismiss, strike, or order a more
definite statement of the additional unspecified disclosures.
(Def. Br. at 3.)

**A.   Motion to Dismiss**

The defendant first argues that the Court should dismiss the
plaintiff's claim for additional unspecified disclosures for
failure to state a claim pursuant to 12(b)(6). (<u>Id.</u>) The
defendant states that to properly allege a wrongful disclosure
claim under Section 7431, a plaintiff must "specifically allege
who made the alleged disclosures, to whom they were made, the
nature of the disclosures, the circumstances surrounding them and
the dates on which they were made." (<u>Id.</u> at 4.) The defendant
states that the plaintiff has failed to allege any of this

6

information regarding the additional unspecified disclosures and, as such, the Court should dismiss any claim for unspecified disclosures. (Id. at 5.)  The defendant states that the plaintiff lacks knowledge regarding what return information was disclosed or the nature of such disclosures. (Reply Br. at 4.)

The plaintiff argues that he has alleged the additional unauthorized disclosures sufficiently based on the limited information in his possession. (Dkt. entry no. 19, Pl. Br. at 6.)  He states that he was interviewed by Scrivanich concerning approximately twenty inspections of his tax return information by Snyderman. (Id.)  The plaintiff states that he has the right to allege an unknown disclosure based on these inspections. (Id. at 7.)

The defendant argues that the mere fact that Snyderman inspected the plaintiff's tax return information does not establish that she also disclosed it. (Reply Br. at 5.)  The defendant further contends that even if inspection did establish disclosure, the plaintiff still failed to allege what return information was inspected and when it was inspected. (Id.)

**B.   Motion to Strike**

The defendant moves under Rule 12(f), in the alternative, to strike paragraph 21 of the Amended Complaint which alleges unspecified disclosures. (Def. Br. at 5.)  It contends that this paragraph confuses the issues and prejudices the defendant. (Id.

7

at 6.)  The defendant states that the plaintiff intends to use discovery to further amend the claims to include additional disclosures.  (<u>Id.</u>)  The defendant contends that the plaintiff is not permitted to embark on a discovery expedition to determine whether valid claims exist.  (<u>Id.</u>)  The defendant contends that this proposed discovery would prejudice it because it will have to either respond to overbroad discovery requests or engage in protracted discovery disputes.  (<u>Id.</u> at 7.)  The defendant thus contends that the Court should strike paragraph 21 of the Amended Complaint.  (<u>Id.</u>)  The plaintiff argues that paragraph 21 is directly related to the controversy, and as such, should not be stricken.  (Pl. Br. at 9.)

###  C.   More Definite Statement

The defendant's final argument is that the Court should order the plaintiff to file a more definite statement pursuant to Rule 12(e).  (Def. Br. at 7.)  It contends that a motion for a more definite statement is appropriate when the allegations contained in the Amended Complaint are so vague or ambiguous that the defendant cannot respond without prejudice to itself.  (<u>Id.</u>)  The defendant states that paragraph 21 lacks any detail about additional possible disclosures.  (<u>Id.</u> at 8.)  It states that this lack of detail causes three problems: (1) it cannot in good faith admit or deny these allegations, (2) it cannot in good faith assert affirmative defenses to unspecified disclosures, and

(3) the wording of the allegations regarding unspecified disclosures creates confusion about what issues are relevant to the case and properly subject to discovery.  (Id. at 8-9.)

The plaintiff argues that the Court should permit discovery prior to mandating an order for a more definite statement.  (Pl. Br. at 9.)  The plaintiff notes that in certain actions brought under the Racketeer Influenced and Corrupt Organizations Act, courts have permitted pre-trial discovery to permit the plaintiff to access information that is in the defendant's exclusive control.  (Id.) The plaintiff alleges that the information he needs to plead additional disclosures with particularity is in the exclusive control of the defendant.  (Id. at 10.)  He states that he attempted to obtain this information but his request was denied.  (Id.)

The defendant argues that the cases the plaintiff cited in favor of allowing discovery instead of dismissing are no longer good law.  (Reply Br. at 8-9.)  The defendant further states that even if these cases were good law, they are inapplicable here. (Id. at 9.)  It states that the cases the plaintiff cited for allowing discovery conditioned that discovery on the presence of two factors: (1) the claim had to meet a heightened pleading standard, and (2) the information needed to satisfy that heightened pleading standard was in the defendant's exclusive possession.  (Id. at 10.)  The defendant states that neither of

these factors are present here.  (Id.)  The defendant contends
then that the Court should order the plaintiff to provide a more
definite statement of the additional unspecified disclosures and
deny his request to first take discovery from the defendant.

    **D.   Analysis of Motion**

    The Court will dismiss the plaintiff's claim for unspecified
disclosures.  When pleading a Section 7431 claim, "mere
allegations of a[n unauthorized] disclosure are insufficient to
support a cause of action."  Leonard v. United States, No. 96-
1812, 1997 WL 438852, at *2 (D. Colo. Apr. 9, 1997) (citing
Fostvedt v. United States, 824 F.Supp. 978, 985 (D. Colo. 1993)).
A plaintiff alleging a Section 7431 claim, must provide the
United States with fair notice of the allegations made.  Kenny v.
United States, No. 08-3921, 2009 WL 276511, at *8 (D.N.J. Feb. 5,
2009) (dismissing Section 7431 claim for failure to contain
sufficient factual allegations of the claim).  The "plaintiff
must specifically allege who made the alleged disclosures, to
whom they were made, the nature of the disclosures, the
circumstances surrounding them and the dates on which they were
made."  May v. United States, No. 91-650, 1992 U.S. Dist. LEXIS
16055, at *5, *15 (W.D. Mo. Apr. 17, 1992) (dismissing complaint
that failed to specifically allege wrongful disclosures).

    The plaintiff here properly alleges one claim of
unauthorized disclosure of his tax return information.  (Am.

10

Compl. at 4.)  He states that "[o]n or about April 3, 2000, Snyderman, without plaintiff's permission, disclosed plaintiff's tax information . . .  Snyderman admitted that she accessed plaintiff's tax returns and disclosed such information to . . . Rubenstein."  (Id. at 3-4.)  The plaintiff, in making this allegation, properly alleges who made the disclosures, to whom they were made, and the dates of and circumstances surrounding the disclosure.

The plaintiff fails, however, to plead any other unauthorized disclosure claims with this required specificity. He states "[a]t the present time plaintiff is aware of at least one unauthorized disclosure made by Diane Snyderman to Norman Rubenstein."  (Id. at 5.)  He then seeks damages for "each act of unlawful disclosure."  (Id. at 6.)  The plaintiff, however, has failed to plead any additional disclosures with the requisite specificity required for Section 7431 claims.  The plaintiff's allegation that he is aware of at least one unauthorized disclosure does not put the United States on fair notice of any additional unauthorized disclosures.  It does not "specifically allege who made the alleged disclosures, to whom they were made, the nature of the disclosures . .  or the dates on which they were made."  See May, 1992 U.S. Dist. LEXIS 16055, at *5.  The plaintiff's allegation of additional unauthorized disclosures is thus insufficient and must be dismissed.  See Leonard, 1997 WL

11

438852, at *2 (dismissing plaintiff's Section 7431 claim because plaintiff "failed to specify what information was revealed, to whom, and under what circumstances"); see also Fostvedt, 824 F.Supp. at 985-86 (dismissing Section 7431 claim of "unknown" disclosure and denying discovery when the "purpose of the discovery is merely for the plaintiff to attempt to construct his entire case"); Bateman v. United States, No. 08-1186, 2009 WL 2043871, at *9 (M.D. Tenn. July 9, 2009) ("Plaintiffs' claim for disclosure of confidential return information under [Section 7431] fails to state a claim because Plaintiffs did not allege any facts to place the Defendants on notice as to which of their many acts constituted unauthorized disclosure."); Tobin v. Troutman, No. 98-663, 1999 WL 501004, at *4 (W.D. Ky. June 8, 1999) (noting that merely alleging a Section 7431 violation is insufficient to state a claim).

The Court further finds unpersuasive the plaintiff's argument that he should be permitted to conduct discovery in order to specifically allege unauthorized disclosures. See Fostvedt, 824 F.Supp. at 986. In Fostvedt, the plaintiff, as with the plaintiff here, acknowledged that his Section 7431 claim was vague but stated he could not make the claim more specific without discovery. Id. The Court stated that it would not permit discovery for the sole purpose of allowing the plaintiff to construct his case. Id. We will not predict what the course

of discovery should be in this case.  We do, however, hold that
based on the materials presented in this motion, the plaintiff
has failed to allege the specific details required for alleging
any additional unauthorized disclosure claims.  The Court will
thus dismiss the part of the Amended Complaint alleging
unspecified disclosures.

### CONCLUSION

The Court, for the reasons stated <u>supra</u>, will grant the part
of the motion seeking to dismiss any claim of unspecified
disclosures, deny as withdrawn the part of the motion seeking to
dismiss the Amended Complaint, and deny as moot the parts of the
motion seeking to strike paragraph 21 and for a more definite
statement.


                                  s/Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge



Dated:    March 29, 2010